UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: _____

KARINY LUGO,

        Plaintiff,

v.

ADISER ORLANDO LLC f/k/a MAGIC BURGERS, LLC,

        Defendant.

## **COMPLAINT**

Plaintiff KARINY LUGO (the "Plaintiff") sues the Defendant ADISER ORLANDO LLC f/k/a MAGIC BURGERS, LLC (the "Defendant") and alleges:

### **JURISDICTION**

1. This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

### **VENUE**

3. The Defendant is a limited liability company duly authorized and existing under the laws of the State of Florida and conducting business in Orange County, Florida.

4. The Plaintiff is a resident of Polk County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the FMLA.

5. The acts or omissions giving rise to this Complaint occurred in whole or in part in Orange County, Florida.

6. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendant has its principal place of business within the district, resides in the judicial district, and because the employment records of the Plaintiff are stored or have been administered, in Orange County, Florida.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

7. At all times material, the Plaintiff was employed by the Defendant as a general manager from September 9, 2014, until her wrongful termination on January 12, 2022.

8. Defendant owns several Burger King restaurants and is a franchisee of Burger King.

9. During her employment with Defendant and its predecessor, Plaintiff performed her duties in a satisfactory manner and her work was praised by the Defendant and its predecessor, Magic Burgers LLC.

10. Defendant is a successor in interest of Magic Burgers LLC.

11. On or about December 30, 2021, Plaintiff began feeling Covid-19 type symptoms. She went to work and requested leave from her district manager to go get tested for Covid. Plaintiff's district manager agreed and granted the leave.

12. Subsequently, Plaintiff went to get tested for Covid and tested positive.

13. Covid-19 is a serious medical condition.

14. Plaintiff stayed quarantined for a few days and on January 6, 2022, Plaintiff's three-year-old beautiful daughter began feeling extremely sick and also tested positive for Covid.

Plaintiff immediately notified her district manager and requested leave to take care of her three-year-old baby.

15. Days later, Plaintiff's second daughter also became very sick with Covid-like symptoms. Again, Plaintiff immediately notified her district manager and requested leave to take care of her two ill daughters, who were experiencing Covid and Covid-type symptoms.

16. Plaintiff's district manager told Plaintiff that she was needed, and that Defendant could not keep her position unless she went back to work. Plaintiff could not and did not go back to work because of her own serious medical condition and that of her two daughters, which required her attention.

17. As a result, Defendant terminated Plaintiff's employment.

18. All conditions precedent to bringing this action have occurred, been performed or been excused.

19. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

**COUNT I: INTERFERENCE
(FAILURE TO PROVIDE INFORMATION) – FMLA**

20. The Plaintiff repeats and re-alleges paragraphs 1 – 19 as if fully stated herein.

21. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

22. The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

23. The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

24. The Plaintiff was entitled to the FMLA leave because she had one or more FMLA-qualifying reasons. Specifically, Plaintiff and her two daughters had a serious health condition that prevented Plaintiff from performing the functions of her job.

25. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

26. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

27. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of her qualifying reason(s).

28. The Plaintiff provided enough information for the Defendant to know that her potential leave may be covered by the FMLA.

29. The Defendant was aware of the Plaintiff's qualifying reason(s).

30. At all times material hereto, the Plaintiff communicated with the Defendant regarding her and her daughters' medical condition.

31. Despite its knowledge of the Plaintiff's and her daughters' medical condition, the Defendant failed to notify the Plaintiff of her eligibility status and rights under the FMLA and failed to notify the Plaintiff whether her leave was or could be designated as FMLA leave.

32. Instead of informing the Plaintiff of her rights, the Defendant terminated the Plaintiff.

33. When the Defendant failed to notify the Plaintiff of her eligibility status and rights under the FMLA and failed to notify the Plaintiff whether her leave was or could be designated as FMLA leave, the Defendant interfered with the Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award the Plaintiff liquidated damages based on the Defendant's conduct;

d. Award the Plaintiff prejudgment interest on his/her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees;

f. Award the Plaintiff any further relief pursuant to the FMLA; and,

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

### COUNT II: INTERFERENCE (TERMINATION) – FMLA

34. The Plaintiff repeats and re-alleges paragraphs 1 - 19 as if fully stated herein.

35. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

36. The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

37. The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

38. The Plaintiff was entitled to the FMLA leave because she had one or more FMLA-qualifying reasons. Specifically, the Plaintiff and her two daughters had a serious health condition that prevented Plaintiff from performing the functions of her job.

39. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

40. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

41. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of her qualifying reason.

42. The Plaintiff provided enough information for the Defendant to know that her potential leave may be covered by the FMLA.

43. The Defendant was aware of the Plaintiff's qualifying reason.

44. At all times material hereto, the Plaintiff communicated with the Defendant regarding her and her daughters' medical condition and requested leave to be with her daughters.

45. Despite its knowledge of the Plaintiff's and her daughters' medical condition and Plaintiff's need for leave, the Defendant failed to notify the Plaintiff of her eligibility status and rights under the FMLA and failed to notify the Plaintiff whether her leave was or could be designated as FMLA leave.

46. Instead of informing the Plaintiff of her rights and instead of granting FMLA leave to Plaintiff, the Defendant terminated the Plaintiff.

47. When the Defendant terminated the Plaintiff's employment, the Defendant interfered with the Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award the Plaintiff liquidated damages based on Defendant's conduct;

d. Award the Plaintiff prejudgment interest on his damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees;

f. Award the Plaintiff any further relief pursuant to the FMLA; and,

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III:
## RETALIATION (FMLA)

48. The Plaintiff repeats and re-alleges paragraphs 1 - 19 as if fully stated herein.

49. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

50. The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

51. The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

52. The Plaintiff was entitled to the FMLA leave because she had one or more FMLA-qualifying reasons. Specifically, the Plaintiff and her two daughters had a serious health condition that prevented Plaintiff from performing the functions of her job.

53. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

54. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

55. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of her qualifying reason(s).

56. The Plaintiff provided enough information for the Defendant to know that her potential leave may be covered by the FMLA.

57. The Defendant was aware of the Plaintiff's qualifying reason(s).

58. At all times material hereto, the Plaintiff communicated with the Defendant regarding her and her daughters' medical condition.

59. Despite its knowledge of the Plaintiff's and her daughters' medical condition, the Defendant failed to notify the Plaintiff of her eligibility status and rights under the FMLA and failed to notify the Plaintiff whether her leave was or could be designated as FMLA leave.

60. Instead of informing the Plaintiff of her rights, the Defendant terminated the Plaintiff.

61. The Defendant terminated the Plaintiff following her request for FMLA leave.

62. The Defendants have intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against the Plaintiff for requesting leave under the FMLA.

63. The Plaintiff's medical leave pursuant to the FMLA was a direct and proximate cause of her termination from her employment with the Defendant.

64. The effect of the practice complained of above has been to deprive the Plaintiff of equal employment opportunities and, in fact, her employment, because of such complaint.

65. As a direct and proximate result of the intentional violations by the Defendant of the Plaintiff's rights under the FMLA, by retaliating against her by terminating her employment for requesting (and taking, if the Court considers the few days Plaintiff took as leave) FMLA medical leave, the Plaintiff has been damaged in that the Plaintiff lost, inter alia, wages, other compensation, and benefits, including health insurance.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award the Plaintiff liquidated damages based on the Defendant's conduct;

d. Award the Plaintiff prejudgment interest on his/her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees;

f. Award the Plaintiff any further relief pursuant to the FMLA; and,

g. Grant the Plaintiff such other and further relief as this Court deems equitable

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800　　　Telephone: 305.503.5131
Aventura, Florida 33180　　　Facsimile: 888.270.5549

## JURY TRIAL DEMAND

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: July 13, 2022.

Respectfully submitted,

**By: /s/Tanesha W. Blye**
Tanesha Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*